## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **DANIEL DONATELLI,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Civil No. 04-01-P-S |
| | ) |
| **UNUMPROVIDENT CORPORATION,** | ) |
| | ) |
| **Defendant.** | ) |

### ORDER ON DEFENDANT'S MOTION IN LIMINE

Before the Court is Defendant's Motion in Limine to Exclude Plaintiff's Unreported Allegations of Improper Claims Handling Practices (Docket # 145) ("Motion to Exclude Unreported Allegations"). On July 6, 2005, the Court held oral argument on this motion as well as all other pending motions in limine. At the close of the hearing, the Court reserved ruling on this Motion to Exclude Unreported Allegations so that it could further review Mr. Donatelli's deposition testimony, his answers to interrogatories as well as the July 15, 2004 Report of Conference of Counsel (Docket # 65), which resolved some discovery disputes regarding these same interrogatories. Having considered these items as well as the parties' submissions and arguments made at today's hearing, the Court hereby DENIES WITHOUT PREJUDICE Defendant's Motion to Exclude Unreported Allegations.

At the heart of this motion is a factual disagreement regarding what improper practices Mr. Donatelli reported or "blew the whistle" on. The jury will have to make a credibility determination regarding who they believe on this issue.

To the extent that Defendant has pressed for exclusion of evidence regarding various claims handling practices as a remedy for Plaintiff's alleged belated amendment of his responses to their interrogatories, the Court concludes that exclusion is not the proper remedy under these circumstances. Rather, upon receipt of the amendment on July 23, 2004, Defendant could have moved to re-open discovery. Defendant did not pursue this remedy at that time. To the extent that Defendant wishes to re-open Mr.

Donatelli's deposition to question him regarding any additional specific claims handling practices he reported to Mr. Gilbert, it is free to do so as long as it does not delay the start of the jury trial scheduled to begin on August 1, 2005.

Absent further deposition testimony that limits the claim handling practices that were allegedly reported by Plaintiff, at trial, Plaintiff will be allowed to submit evidence that falls within his amended responses to Interrogatories Number Seven and Number Eight -- *so long as he links any allegedly improper claims handling practice to the oral report he made to David Gilbert*. Before attempting to solicit any evidence of an improper claims handling practice that was not reported during the course of Plaintiff's conversation with David Gilbert, Plaintiff shall provide notice to the Court and be prepared to proffer how this claims handling practice is relevant to Plaintiff's whistleblower claim. Defendant, of course, is free to renew the objections raised by this motion at that time.

SO ORDERED.

          /s/ George Z. Singal
          Chief U.S. District Judge

Dated this 6th day of July, 2005.